UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATROIT, 001, LLC,

                Plaintiff,                              Case Number 20-11497

v.                                            Honorable David M. Lawson

UNITED STATES OF AMERICA,
THORNE PROPERTIES, INC., and
JULIAN WATKINS,

                Defendants.

_____/

**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This matter is before the Court on the plaintiff's motion for entry of a default judgment against defendants Thorne Properties, Inc. and Julian Watkins.  The plaintiff filed its complaint on May 8, 2020, in the Circuit Court for Wayne County, Michigan, seeking to quiet title to a parcel of real property located in Wayne County, thereby discharging the interest of defendants Thorne Properties, Julian Watkins, and the United States Department of the Treasury — Internal Revenue Service.   The government removed the case to this district on June 8, 2020.  The complaint personally was served on Julian Watkins on May 15, 2020, and it was served on Thorne Properties' resident agent by certified mail that same day.  *See* Certificates of Service, ECF Nos. 6, 7.  Neither Watkins nor Thorne Properties ever answered or otherwise responded to the complaint, and the Clerk of the Court entered their defaults under Federal Rule of Civil Procedure 55(a) on July 21, 2020.   The plaintiff then filed a motion for default judgment against the two defendants on July 21, 2020.  The defendants have not respond to the motion and have not appeared or otherwise taken any action in this case since the complaint was filed.

Because the defendants have failed to answer or otherwise respond to the complaint and the Clerk has entered default against them, the Court accepts all well pleaded factual allegations in the complaint as true. *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013). The complaint alleges that the plaintiff is the proper owner of Lot 146, located in the Kenilworth Park Subdivision, otherwise referred to as 20440 Santa Rosa, Detroit MI 48221. According to the complaint, defendant Julian Watkins obtained title to the parcel by quit claim deed on April 14, 2003. Defendant Throne Properties eventually obtained title to the parcel of land by a quit claim deed on April 8, 2012. Three years later, the Internal Revenue Service executed a federal tax lien on the property on December 7, 2015. However, the property was subject to foreclosure, and on March 29, 2019, the Wayne County Circuit Court entered a judgement of foreclosure vesting absolute title to the property in Wayne County Treasurer. The Wayne County Treasurer then conveyed the parcel to the plaintiff by quit claim deed on November 22, 2019.

In its present motion, the plaintiff requests that the Court enter an order extinguishing all interests in the property possessed by defendants Thorne Properties, Inc. and Julian Watkins and that the default judgment be recorded with the Wayne County Register of Deeds.

In Michigan, a quiet title action is a statutory cause of action. Michigan Compiled Laws § 600.2932(1) states that "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." That statute "codifie[s] actions to quiet title and authorize[s] suits to determine competing parties' respective interests in land*." Republic Bank v. Modular One LLC*, 232 Mich. App. 444, 448, 591 N.W.2d 335, 337 (1998), *overruled on other grounds by Stokes v. Millen Roofing Co*., 466 Mich. 660, 649 N.W.2d 371 (2002). A party

seeking to establish clear title has the burden of proof in a quiet title action and must make out a prima facie case that they have title to the disputed land. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999) (citing *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219 (1984)). If the plaintiff establishes a prima facie case, the burden of proof shifts to the contestant to establish superior right or title to the property. *Beulah*, 236 Mich. App. at 550, 600 N.W.2d at 700 (citing *Boekeloo v. Kuschinski*, 117 Mich. App. 619, 629, 324 N.W.2d 104 (1982)). An action to quiet title is equitable in nature. *Ibid*. If a defendant fails in its proof and "the plaintiff established his title to the lands, the defendant shall be ordered to release to the plaintiff all claims thereto." Mich. Comp. Laws § 600.2932(3).

The Court finds that the facts pleaded in the complaint — taken at this stage of the case as true, as they must be following the defendants' default — amply establish that defendants Thorne Properties and Julian Watkins lack legal or equitable title over the parcel in question. However, a final judgment may not be entered on fewer than all claims in a case unless that judgment "entirely resolve[s]" an individual claim, and there is "no just reason for delay." Fed. R. Civ. P. 54(b); *Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 821 (6th Cir. 2005). The Court therefore will grant the plaintiff's motion, but will refrain from entering a judgment until all claims against all parties are resolved.

Accordingly, it is **ORDERED** that the plaintiff's motion for entry of default judgment against defendants Thorne Properties, Inc. and Julian Watkins (ECF No. 12) is **GRANTED**. However, the entry of judgment will abide the final resolution of the lawsuit as to all claims and parties.

It is further **ORDERED** that all interests possessed by defendants Thorne Properties, Inc.

and Julian Watkins in the property legally described as:

> Lot 146, Kenilworth Park Subdivision, according to the Plat thereof as recorded in
> Liber 31, Page 82 of Plats, Wayne County Records,
> Tax Parcel No.: Ward 16, Item 020353;

commonly known as: 20440 Santa Rosa, Detroit, MI 48221, are **EXISTINGUISHED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 7, 2020